UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

In re: BENJAMIN HIRSCH,

                    Debtor,

JUDGMENT
05-CV- 1454 (CBA)
05-CV- 2266 (CBA)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 13 2006 ★
P.M. _____
TIME A.M. _____

-----------------------------------------------------------------X

A Memorandum and Order of Honorable Carol Bagley Amon, United States District Judge, having been filed on March 10, 2006, finding in case number 05-CV-1454 that the Bankruptcy Court had jurisdiction to determine the amount of Nachama's claim against Benjamin's estate, based on her claim for equitable distribution from the marital estate; finding that the Bankruptcy Court erred when it determined the amount of that claim; vacating the Bankruptcy's Court's order determining the amount of Nachama's claim; remanding the matter to the Bankruptcy Court for further proceedings consistent with this opinion; finding in case number 05-CV- 2266 that the Bankruptcy Court correctly held that the First Decretal Paragraph in the Third Amended Judgment which Nachama proposed to be settled in State Court fell within the terms of the automatic stay of 11 U.S.C. § 362(a); remanding this matter to the Bankruptcy Court for supplementation of the record on the issue of whether said judgment violated the terms of the Lift Stay Order; ordering that on remand, the Bankruptcy Court should provide a fuller statement of the conflict which it perceives between the First Decretal Paragraph, the State Court's Decision After Trial, and its own Lift Stay Order; directing that the Bankruptcy Court also should state whether the purported satisfaction of the fraudulent conveyances was a factor in its decision not to allow submission of the proposed Third Amended Judgment to the State Court; ordering that the Court will retain jurisdiction to hear further proceedings without requiring an additional Notice of Appeal; and directing that any party seeking to proceed in this Appeal shall so inform the Court within 10 days of any additional findings or clarification by the Bankruptcy Court; it is

JUDGMENT
05-CV- 1454 (CBA)
05-CV- 2266 (CBA)

ORDERED and ADJUDGED that the Court finds that in case number 05-CV-1454 that the Bankruptcy Court had jurisdiction to determine the amount of Nachama's claim against Benjamin's estate, based on her claim for equitable distribution from the marital estate; that the Court also finds, however, that the Bankruptcy Court erred when it determined the amount of that claim; that the Bankruptcy Court's order determining the amount of Nachama's claim is vacated; that the matter is remanded to the Bankruptcy Court for further proceedings consistent with this opinion; that in case number 05-CV-2266, the Court finds that the Bankruptcy Court correctly held that the First Decretal Paragraph in the Third Amended Judgment which Nachama proposed to be settled in the State Court fell within the terms of the automatic stay of 11 U.S.C. § 362(a); that the Court remands this matter to the Bankruptcy Court for supplementation of the record on the issue of whether said judgment violates the terms of the Lift Stay Order; that on remand, the Bankruptcy Court should provide a fuller statement of the conflict which it perceives between the First Decr Paragraph, the State Court's Decision After Trial, and its own Lift Stay Order; that the Bankruptcy Court also should state whether the purported satisfaction of the fraudulent conveyances was a factor in its decision not to allow submission of the proposed Third Amended Judgment to the State Court; that the Court will retain jurisdiction to hear furth proceedings without requiring an additional Notice of Appeal; and that any party seeking proceed in this Appeal shall so inform the Court within 10 days of any additional findings or clarification by the Bankruptcy Court.

Dated: Brooklyn, New York
       March 10, 2006

/s/
ROBERT C. HEINEMANN
Clerk of Court